UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WICKER,

          Plaintiff,          Case Number: 06-12187

v.                                    JUDGE PAUL D. BORMAN
                                    UNITED STATES DISTRICT COURT

TRANS UNION LLC,

          Defendant.
_____ /

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Before the Court is Defendant Trans Union's ("Trans Union") motion to dismiss Plaintiff Dan Wicker's ("Plaintiff") complaint with prejudice for failure to comply with Magistrate Judge Steven D. Pepe's April 3, 2008, order granting Trans Union's motion to compel discovery. (Doc. No. 37). Plaintiff has not responded. The Court held a motion hearing on December 1, 2008. Plaintiff did not appear for the hearing. Therefore, having considered the entire record, this Court GRANTS Trans Union's motion to dismiss with prejudice.

**I. BACKGROUND**

On April 12, 2006, Plaintiff filed a complaint in the Small Claims Division of the 48th District Court, located in Bloomfield Township, Michigan. (Notice of Removal, Ex. A). In his complaint, Plaintiff alleged "[i]mproper reporting and violation of the 'Fair Credit Reporting Act'." (Id.) Plaintiff further alleged he had repeatedly contacted Trans Union, and paid "excessive fees due to their [sic] errors." (Id.) Plaintiff sought $3,000 in damages. (Id.)

1

On May 5, 2006, Trans Union removed the complaint to this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (Notice of Removal 5). Approximately a month later, on June 15, 2008, Trans Union answered Plaintiff's complaint and asserted a counter-claim against him for fraud for making an untrue or misleading statement about a consumer's creditworthiness, credit standing or credit capacity to Trans Union. (Counterclaim 1-2).

Plaintiff never answered Trans Union's counterclaim and, at Trans Union's request, the clerk of the court entered default against Plaintiff on November 11, 2007. (Doc. No. 12).

On December 4, 2007, Plaintiff's attorney moved this Court to withdraw as Plaintiff's counsel due to a breakdown of the attorney/client relationship and because Plaintiff had not paid him. (Doc. No. 27). This Court granted the motion to withdraw on January 23, 2008. (Doc. No. 32).

Meanwhile, on December 18, 2007, Trans Union filed a motion to compel discovery, which this Court referred to Magistrate Judge Pepe. (Doc. No. 29). Plaintiff did not respond to the motion, nor did he attend the hearing Magistrate Pepe held on April 2, 2008. According to Magistrate Pepe, both Trans Union and the court made repeated, unsuccessful attempts to contact Plaintiff. (Order Regarding Defendant's Motion to Compel Discovery, April 3, 2008). On April 3, 2008, Magistrate Pepe granted Trans Union's motion to compel and ordered Plaintiff to answer Trans Union's interrogatories, make documents available to Trans Union and attempt to respond Trans Union's requests to admit. (Id.) According to Trans Union, it discussed the April 2, 2008 hearing with Plaintiff on April 8, 2008, and Plaintiff expressed his intention to disregard the court's April 3, 2008 order and not respond in any way to any additional matters presented in this case. (Def.'s Br. 5).

2

Thereafter, on August 12, 2008, Trans Union filed the instant motion for dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(b). (Doc. No. 37). Plaintiff has not responded to the motion. This Court sent notices of the hearing on the motion to dismiss to Plaintiff's two known addresses. The notice sent to Plaintiff's Farmington Hills, Michigan address was returned as undeliverable. The notice sent to Plaintiff's Bloomfield, Michigan address was not returned.

## II. ANALYSIS

Trans Union argues that this Court should dismiss Plaintiff's complaint with prejudice for failing to comply with Magistrate Pepe's April 3, 2008 order, ordering Plaintiff to comply with Trans Union's discovery requests. (Def.'s Br. 5).

Rule 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Magistrate Pepe's order stated that Plaintiff was to respond to the discovery requests within 30 days, and further stated that Plaintiff's failure to comply would result in a recommendation of dismissal with prejudice. (Order Regarding Defendant's Motion to Compel Discovery, April 3, 2008). Trans Union informed Plaintiff of Magistrate Pepe's order, and "provided specific details on the Order." (Def.'s Br. 5). The order specified that Plaintiff risked dismissal if he did not comply, and Trans Union warned Plaintiff that if he did not comply with the order, it would file a motion to dismiss. (Order Regarding Defendant's Motion to Compel Discovery, April 3, 2008; Def.'s Br. 5). However, Plaintiff told Trans Union that he would not

3

respond to any additional matters in this case.

Plaintiff failed to comply with Magistrate Pepe's order, and has taken no further steps in prosecuting his case. This Court, therefore, dismisses Plaintiff's complaint, with prejudice, for failure to comply with Magistrate Pepe's April 3, 2008 order. *See e.g., Rogers v. City of Warren*, 06-3658, slip op. at 7-8 (6th Cir. Nov. 26, 2008) (unpublished) (district courts may involuntarily dismiss a complaint when a party fails to appear at a scheduling conference or other pretrial conference, a plaintiff fails to prosecute the case or comply with a court order, or dismissal is necessary to protect the orderly administration of justice and maintain the authority and dignity of the court). Although dismissal is a harsh sanction, because Plaintiff was advised that his complaint may be dismissed for failing to comply with Magistrate Pepe's order, Plaintiff failed to comply with the order or otherwise participate further in this case, this Court believes that dismissal is the appropriate remedy here.

## III. CONCLUSION

For the reasons discussed above, this Court GRANTS Trans Union's motion to dismiss, and dismisses Plaintiff's complaint with prejudice.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 15, 2008.

4

s/Denise Goodine
Case Manager